**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 2, 2005[*]
Decided June 6, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3758

| | |
|---|---|
| MARC NORFLEET, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 03-C-378 |
| DANIEL DRINGOLI, *Defendant-Appellee.* | William C. Griesbach, *Judge.* |

**O R D E R**

Marc Norfleet, an Illinois pretrial detainee proceeding pro se, appeals the grant of summary judgment in favor of Neenah, Wisconsin police detective Daniel Dringoli in this 42 U.S.C. § 1983 action, alleging constitutional violations during his arrest and subsequent prosecution.  We affirm.

The civil litigation is premised on events surrounding Norfleet's arrest and prosecution for the charge of distributing cocaine within 1000 feet of a school in violation of Wis. Stat. §§ 961.41(1m)(cm)(4), 961.49.  Detective Dringoli arrested Norfleet after a tip from a confidential source led to the discovery of a cellophane

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

bag containing small plastic baggies of cocaine. The plastic baggies contained Norfleet's fingerprints and those of a second unidentified person. The existence of the unidentified set of fingerprints was not disclosed to Norfleet until five days before his state criminal trial. Because the prosecutor refused to reveal the identity of the confidential source, the court dismissed the charge with prejudice.

Norfleet subsequently sued Detective Dringoli under § 1983, alleging violations under the Eighth and Fourteenth Amendments based on his arrest and the alleged withholding of exculpatory evidence (the second set of fingerprints). The district court screened Norfleet's complaint under 28 U.S.C. § 1915A and construed the allegations to state a claim of false arrest or arrest with excessive force under the Fourth Amendment. After further proceedings, the district court granted Dringoli's motion for summary judgment. The court noted initially that it could have granted summary judgment for Dringoli based on Norfleet's failure to submit any supporting affidavits or documents but proceeded to address the merits of his claim. The court then concluded that Norfleet was challenging his arrest and not any condition of detention or imprisonment, and so it dismissed the claims that Norfleet argued arose under the Eighth Amendment (or the Fourteenth Amendment for a pre-trial detainee). Further, the court explained that qualified immunity shielded Dringoli from liability because he arrested Norfleet pursuant to a facially valid arrest warrant, and because Norfleet could not show that Dringoli's conduct violated any clearly established right of which a reasonable officer would be aware. And even if Dringoli were not entitled to qualified immunity, the court found that there was no factual evidence to support a violation of due process.

From what we can discern, Norfleet appears to argue on appeal that the district court's § 1915A order misled him into thinking that he could proceed only on a Fourth Amendment legal theory, when he had intended instead to press claims under the Eighth and Fourteenth Amendment. It is true that the court construed Norfleet's complaint as stating a claim of false arrest or arrest with excessive force under the Fourth Amendment, but in the subsequent proceeding the court permitted Norfleet to continue to pursue arguments under the Eighth and Fourteenth Amendments, and the court in fact entertained those arguments. Norfleet has not identified how he believes he has been harmed by the court's handling of these claims.

Norfleet also asserts without elaboration that the district court's grant of summary judgment overlooked several of his due process claims. According to Norfleet the district court failed to address his claim that Dringoli withheld the allegedly exculpatory evidence of the second set of fingerprints, "prosecuted" him despite knowing that another person's fingerprints were on the bag, and held him unlawfully in jail for five days on the drug trafficking charge. The district court properly rejected these claims on their merits, however, and Norfleet has given us

no basis to disrupt the court's rulings.  *See e.g., Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (litigant must present understandable argument for disturbing the district court's judgment).

Finally, Norfleet contests the district court's determination that his case was not sufficiently complex or meritorious to warrant the appointment of counsel.  But there is no constitutional right to counsel in civil cases, *see Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997); *Farmer v. Haas*, 990 F.2d 319, 322-23 (7th Cir. 1993), and Norfleet has given us no reason to conclude that the district court abused its discretion when it determined that his claims were not so complicated as to require the assistance of counsel.  *See Zarnes v. Rhodes*, 64 F.3d 285, 288-89 & n.2 (7th Cir. 1995).

Accordingly, we AFFIRM the district court's grant of summary judgment.